UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 2328 FAIRVIEW CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>                Plaintiff,<br>v.<br><br>STATE FARM FIRE & CASUALTY, an Illinois corporation; and DOE INSURANCE COMPANIES 1-10<br><br>                Defendants | NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**<br><br>**JURY DEMAND** |

Plaintiff 2328 Fairview Condominium Association (the "Association") alleges as follows:

### I.    INTRODUCTION

1.1    This is an action for declaratory judgment and money damages, seeking:

    (A)    A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under an insurance policy issued to the Association.

    (B)    Damages for breach of contract.

    (C)    Attorneys' fees (including expert witness fees) and costs.

    (D)    Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1     <u>The Association</u>.  The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington.  The Association has the duty to maintain the common elements and any limited common elements of the 2328 Fairview condominium building at 2328 Fairview Ave. E. Seattle, WA 98102, (the "Project") for the common enjoyment of the unit owners.

2.2     <u>State Farm</u>.  State Farm Fire & Casualty ("State Farm") is incorporated under Illinois law with its principal place of business in Bloomington, Illinois.  State Farm sold insurance policies to the Association: Policy No. 98-06-3569-2 (in effect from at least 11/1/1991 to 11/1/1998).  The policy identifies the 2328 Fairview condominium building as covered property.

2.5     <u>Doe Insurance Companies 1-10.</u>  Doe Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the 2328 Fairview Condominium complex as covered property.

2.6     <u>2328 Fairview Insurers</u>.  State Farm and Does Insurance Companies 1-10 shall be collectively referred to as the "State Farm Insurers."

2.7     <u>2328 Fairview Policies</u>. The policies issued to the Association by the State Farm Insurers shall be collectively referred to as the "State Farm Policies."

## III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the State Farm Insurers all marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim including the breach of contract occurred in King County; and the insured condominium buildings are located in King County.

## IV.   FACTS

4.1   <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.3   <u>Tender to State Farm</u>.   On June 26, 2015 the Association tendered a claim to State Farm asking it to investigate for hidden damage covered by its policy.

4.4   <u>Joint Intrusive Investigation</u>.  On November 30 and December 1, 2015, the Association along with State Farm and several other insurers conducted a joint intrusive investigation of the condominium building at 2328 Fairview.  The investigation consisted of approximately 8 openings in and around the condominium building at 2328 Fairview.  On January 22, 2016 Evolution Architects ("Evolution") issued a Building Envelope Investigation Findings Report ("Building Report") which described hidden water damage to exterior sheathing and framing at 7 of 8 openings.  Evolution determined that "wind driven rain events are the primary cause of the hidden water damage identified at the 2328 Fairview Condominiums."

4.5   <u>State Farm's Denial</u>.  State Farm issued a letter denying coverage on May 13, 2016, approximately 11 months after the Association tendered its claim.

## V.   FIRST CLAIM:
## DECLARATORY RELIEF THAT THE STATE FARM POLICIES COVER HIDDEN DAMAGE CAUSED BY WATER INTRUSION

5.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2   <u>Declaratory Relief</u>. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

    a.   The 2328 Fairview policies are all-risk policies covering every risk, peril, cause, and loss not excluded.  No exclusions, conditions, or limitations bar coverage under the 2328 Fairview Policies for the damage to the 2328 Fairview condominium building.

b.  As a result the 2328 Fairview Policies cover the cost of repairing the damage to the 2328 Fairview condominium building.

## VI.  SECOND CLAIM: AGAINST THE 2328 FAIRVIEW INSURERS FOR BREACH OF CONTRACT

6.1  <u>Incorporation by Reference</u>.  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2  <u>State Farm's Breach of Contract</u>.  State Farm has a contractual duty under the terms of its policy to pay for the cost of repairing the covered damage to the 2328 Fairview condominium building.  State Farm breached its contractual duty by denying coverage and refusing to pay for the cost of repairing covered damage.

6.3  <u>Damages from State Farm</u>.  As a direct and proximate result of State Farm's breach of its insurance contract, the Association has been deprived of the benefits of its insurance coverage in an amount to be proven at trial.  In addition, the Association has been forced to incur attorneys' fees, expert costs, investigation costs, and other expenses in order to obtain the benefits of the Association's insurance contracts.

## VII.  PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

7.1  <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the 2328 Fairview Policies provide coverage as described herein.

7.2  <u>Money Damages</u>.  For money damages in an amount to be proven at trial.

7.3  <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees).  *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

7.4  <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

///

///

## VIII.   DEMAND FOR JURY TRIAL

8.1     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 2nd day of August, 2016.

STEIN, SUDWEEKS & HOUSER, PLLC

/s/ Justin Sudweeks
/s/ Daniel Houser
/s/ Daniel Stein
Justin Sudweeks, WSBA 28755
Daniel S. Houser, WSBA 32327
Daniel Stein, WSBA 48739
Stein, Sudweeks & Houser, PLLC
2701 First Avenue, Suite 430
Seattle, WA 98121
Telephone: 206-388-0660
Fax: 206-286-2660
Justin@condodefects.com
dhouser@condodefects.com
dstein@condodefects.com
Attorneys for Plaintiff